UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRIS WRIGHT<br><br>　　　　Plaintiff<br><br>　　v.<br><br>U.S. DEPARTMENT OF<br>HEALTH AND HUMAN SERVICES (HHS)<br>(Centers for Medicare & Medicaid Services)<br><br>　　　　Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　　Civil Action No. 1:15-CV-0510 (KBJ) |

PLAINTIFF'S MOTION FOR
COURT ENFORCEMENT OF SETTLEMENT AGREEMENT,
FOR SUMMARY JUDGMENT, AND FOR EXPEDITED HEARING

1. Plaintiff initiated settlement talks in this case shortly after Defendant filed its Answer.  Plaintiff

put all his cards on the table and revealed that his objective is to determine whether HHS can produce any

records showing that the original design of Healthcare.gov included functionality for subsidies flowing

through the federal exchange.  Plaintiff narrowed the case in order to obtain any such records before the

U.S. Supreme Court rules in King v. Burwell later this month when the news interest in such records will

be the greatest.  Plaintiff offered to drop his demands for other records and court costs in order to induce

Defendant to accept Plaintiff's time-sensitive proposal.

2. On May 18th, counsel for Defendant accepted the offer and, on May 20th, indicated she

expected to produce three sets of records by May 29th:  1) 620 pages in response to Plaintiff's original

FOIA request (for which the agency had, coincidentally, finished searching);  2) a subset of those

documents most germane to Plaintiff's narrow interest; and 3) the results of a new search tailored to

Plaintiff's settlement offer language.  Plaintiff has received 535 pages of the 620-page first set promised,

and the promised subset thereof.

3.  With respect to the third set of promised records, Attorney Kade left Plaintiff a voice message on May

29th indicating that it might take additional weeks for the agency to complete its search, thus

RECEIVED

JUN - 2 2015

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

-2-

substantially breaching the settlement agreement which Defendant knows to be time-sensitive. She further indicated on the phone on June 2nd she does not have a definitive answer from the agency as to further records, yet.

4. On May 18th, Plaintiff clarified the terms of the settlement offer in writing: "the settlement is based on a reasonably adequate search for records setting forth specifications for a subsidy calculator in the original RFP for Healthcare.gov. 'Subsidy calculator' means functionality for actually calculating enrollee tax credits under the Affordable Care Act. 'RFP' means the Request for Proposal, Request for Quotation, or equivalent record (however captioned)."

5. In transmitting the second release (the subset), counsel for Defendant wrote to Plaintiff: "In your settlement offer, you indicated that you are primarily interested in answering the question of whether a "subsidy calculator" was included in the original design of Healthcare.gov. In the attached document, a Statement of Work issued by CMS to Quality Software Services, Inc., you will see that calculation of the Advanced Premium Tax Credit (APTQ) was considered in the development of the Healthcare.gov website." Believing this to be dispositive of Plaintiff's main interest, attorney Kade further wrote: "I believe … that this document gives you the answer you were after when you submitted the original request, and I am hopeful that you will now agree to dismiss this matter."

6. The Statement of Work (Version 1.0 dated September 30, 2011) is not dispositive, far from it. First of all, it relates to the federal Data Services Hub ("data hub") which is not the federal exchange. The data hub is part of the Federal Exchange Program System ("FEPS") which also includes the Federal Exchange ("FE"), the name of which changed over time (e.g., "federally-facilitated marketplace" – "FFM"). The data hub is not the federal exchange (Healthcare.gov). It is not the marketplace where enrollees buy health insurance. The data hub provides support services to all the exchanges and insurers. While the Statement of Work contains a few references to subsidies ("Advanced Premium Tax Credits" – "APTCs"), all the references are consistent with the federal data hub providing support for subsidies flowing to state exchange customers through state exchanges, or for reporting such tax credits as financial

-3-

transactions to insurers. Nothing in any iteration of the data hub Statement of Work (several were provided in the first set of documents released) definitively specifies that subsidies were to flow through the federal exchange.

7. The provision of 535 pages of records relating to the data hub was a frolic and detour, a classic misdirection meant to distract Plaintiff when nothing in the design of the data hub answers the question of whether or not HHS originally meant subsidies to flow through the federal exchange. There is nothing in those 535 pages showing the inclusion of a subsidy calculator, the elaborate tax credit formula laid out in what is now popularly known as section 36B, or a user interface to display subsidy calculation results to individual Healthcare.gov customers during the enrollment process in real-time. Those would be substantive descriptions, not mere references, and are nowhere to be found in any document Defendant has provided.

8. The Statement of Work did, however, make specific reference to earlier records which likely bear on the question of whether or not functionality for subsidies was included in the original software specifications for Healthcare.gov. Accordingly, Plaintiff narrows the case to the records listed in the attached Appendix A and respectfully requests the Court to order Defendant to produce them at the hearing pending the grant of enforcement of the settlement agreement or summary judgment. All of the records listed in Appendix A are explicitly referenced in the first data hub Statement of Work and are believed by a software engineer consulted by Plaintiff to be potentially responsive to Plaintiff's request.

9. In addition, HHS either did or did not include a subsidy calculator in the original design of Healthcare.gov. If it did so, it is in Defendant's interest to release those records to Plaintiff now, or suffer publicity that, after dispositive litigation of a FOIA request, the government failed to produce any records showing that the original software specifications for the federal exchange included functionality for calculating section 36B tax credits and displaying after-subsidy premiums to Healthcare.gov customers. This is the government's last clear chance to prove that it included functionality for subsidies to flow through the federal exchange as part of the original design of Healthcare.gov. No more flim-flam, no

-4-

more misdirection. The government can either demonstrate it included subsidies and the accompanying

user interface in the original design of the federal exchange or it can't.

WHEREFORE, Plaintiff requests this Court:

(1) Order an expedited hearing with Defendant to bring the records specified in Appendix A

hereto to court;

(2) Enforce the settlement agreement as narrowed to the records specified in Appendix A;

(3) Grant summary judgment for the Plaintiff with respect to the records specified in Appendix A;

and

(3) Grant such other and further relief as it may deem proper and just.

Respectfully submitted,

Chris Wright
4020 Washington Blvd. – Ste. 301
Arlington, VA  22201
cwdirect@verizon.net
703-351-6515

Plaintiff (pro se)

Dated: June 2, 2015

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHRIS WRIGHT | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:15-CV-0510 (KBJ) |
| | ) | |
| U.S. DEPARTMENT OF | ) | |
| HEALTH AND HUMAN SERVICES (HHS) | ) | |
| (Centers for Medicare & Medicaid Services) | ) | |
| | ) | |
| Defendant | ) | |

APPENDIX A
TO PLAINTIFF'S MOTION FOR
COURT ENFORCEMENT OF SETTLEMENT AGREEMENT,
FOR SUMMARY JUDGMENT, AND FOR EXPEDITED HEARING

From section 1.4 Standards and Reference Material, of the Statement of Work ("SoW") document, version 1.0, dated Sept. 30, 2011: (citations and descriptions are directly quoted from the SoW):

1.  Eligibility and Enrollment – Exchange Business Architecture Supplement

2.  Medicaid and Exchange IT Architecture Guidance: Framework for Collaboration with State Grantees.  This overview document describes the relationships between the Exchange Reference Architecture documents.

3.  Conceptual Data Model and Data Sources -Exchange Information Architecture Supplement

4.  Business Blueprint Master Glossary.  Glossary of key terms and concepts referenced in the Exchange Business Architecture supplements.

5.  Business Blueprint Services Workbook.  Contains the inventory of Exchange business services and supporting business services identified from the process models and the mapping to business processes.

6.  Eligibility & Enrollment Blueprint Data Capture Workbook.  Contains the meta-data describing the Eligibility & Enrollment process flows, and associated activities, information flows, and capabilities.

7.  Plan Management Blueprint Data Capture Workbook.  Contains the meta-data describing the Plan Management process flows, and associated activities, information flows, and capabilities

8.  Financial Management Blueprint Data Capture Workbook.  Contains the meta-data describing the Plan Management process flows, and associated activities, information flows, and capabilities

-2-

9. CMS Technical Reference Architecture (TRA), v.2.1 and supplements.

Specific "Business Practices" documents, section 2.3.1 of the SoW document dated Sept. 30, 2011:

10. BP-EE-12 Determine Individual Eligibility

11. BP-EE-13 Enroll Individual in Qualified Health Plan

12. BP-EE-14 Disenroll Individual from Qualified Health Plan

13. BP-EE-15 Renew Individual Eligibility and Enrollment

Section 2.2.1 of the SoW reporting requirements:

14. "project plans"

15. "technical specifications"

16. "architectural, design, and performance documentation"

Section 2.4.4 of the SoW lists:

17. "architectural diagrams" and "descriptions" sufficient to fully describe the E&E business area

18. Architecture Review stage gate review

Section F - Deliverables - Data Services Hub" (page 61 of the SoW:

19. "Business Process Models and Architectural Diagrams"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHRIS WRIGHT                                          )
                                                     )
                    Plaintiff                        )
                                                     )
         v.                                           )          Civil Action No. 1:15-CV-0510 (KBJ)
                                                     )
U.S. DEPARTMENT OF                                   )
HEALTH AND HUMAN SERVICES (HHS)                      )
(Centers for Medicare & Medicaid Services)           )
                                                     )
                    Defendant                        )

## PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES

1. F.R. Civ. P. 56 – Summary Judgment

2. 28 U.S. Code 1657 – Priority of Civil Actions (FOIA cases to be expedited in "a factual context that indicates that a request for expedited consideration has merit")

Respectfully submitted,

Chris Wright
4020 Washington Blvd. – Ste. 301
Arlington, VA  22201
cwdirect@verizon.net
703-351-6515

Plaintiff (pro se)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRIS WRIGHT | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   Civil Action No. 1:15-CV-0510 (KBJ) |
| | ) |
| U.S. DEPARTMENT OF | ) |
| HEALTH AND HUMAN SERVICES (HHS) | ) |
| (Centers for Medicare & Medicaid Services) | ) |
| | ) |
| Defendant | ) |

## ORDER

Upon consideration of Plaintiff's *Motion for Court Enforcement of Settlement Agreement, for Summary Judgment, and for Expedited Hearing*, it be and hereby is

ORDERED that Plaintiff's Motion for Expedited Hearing is GRANTED, and that Plaintiff and Defendant's Counsel shall appear in courtroom _____ on June ____, 2015 at _____ ____.m.

It is further ORDERED that Defendant shall bring to the courtroom the documents listed in Plaintiff's Motion for immediate release to Plaintiff if the Court so orders.

Dated this _____ day of June, 2015.


_____
KETANJI BROWN JACKSON
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


Parties entitled to notification of this order:
Chris Wright
4020 Washington Blvd., Ste. 301
Arlington, VA 22201
*Self-represented Plaintiff*

Elizabeth L. Kade
Via ECF

*Attorney for Defendant*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd of June 2015, I caused a true and correct copy of the

foregoing Plaintiff's Motion for Court Enforcement of Settlement Agreement, for Summary Judgment,

and for Expedited Hearing -- along with Appendix A, Memorandum of Points and Authorities, and

proposed Order -  to be sent by first class United States mail (with courtesy copy by electronic mail) to:

Elizabeth L. Kade
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, DC  20530
Elizabeth.L.Kade@usdoj.gov

*Counsel for Defendant*

By:  _____

Chris Wright
4020 Washington Blvd. – Ste. 301
Arlington, VA  22201
cwdirect@verizon.net
703-351-6515