UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRIS WRIGHT | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil Action No. 1:15-CV-0510 (KBJ) |
| | ) |
| U.S. DEPARTMENT OF | ) |
| HEALTH AND HUMAN SERVICES (HHS) | ) |
| (Centers for Medicare & Medicaid Services) | ) |
| | ) |
| Defendant | ) |

PLAINTIFF'S RESPONSE TO
DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
COURT ENFORCEMENT OF SETTLEMENT AGREEMENT,
FOR SUMMARY JUDGMENT, AND FOR EXPEDITED HEARING

1. Defendant's Opposition mischaracterizes what transpired. The parties entered into a time-sensitive settlement agreement, not a metaphysical realm where the parties would continue contemplating settlement for weeks. Plaintiff expected responsive records based on precise settlement language by May 29th (or a good faith explanation of a short delay), not a last-minute message from Defendant's counsel that the search could take additional weeks to perform (said message is not disputed). Defendant is attempting to fundamentally transform the settlement agreement into a navel-gazing exercise stretching way beyond the time window that prompted Plaintiff to offer to settle the case in the first place. Plaintiff never received a single document based on Plaintiff's May 18th settlement language (i.e., the third release specified in paragraph 2 of Plaintiff's Motion). This case would have been over had the Defendant made the third release it freely undertook in the settlement agreement.

2. Defendant maintains that it "provided Plaintiff with responsive, non-exempt documents on May 21, 2015." However, as argued in Plaintiff's Motion, those 535 pages (the first and second releases specified in Paragraph 2 of Plaintiff's Motion) were not responsive because they related to the data hub support system, not the actual Affordable Care Act federal exchange where customers sign up for

RECEIVED

JUN - 9 2015

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

-2-

insurance (Healthcare.gov). Defendant's Opposition does not dispute that Plaintiff's settlement language

narrowed the case to records showing functionality for subsidy calculations in the original design of the

federal exchange. Defendant now complains that Appendix A to Plaintiff's Motion is a "moving target"

(but, at the same time, indicates it is working on producing the records listed therein - see below).

Appendix A merely lists records referenced in the previously provided data hub Statement of Work,

records that appear to contain the original design specifications for Healthcare.gov. Plaintiff has

narrowed the case to the records listed in Appendix A (and invited Defendant to provide any additional

records showing functionality for subsidies in the original design of the federal exchange). This is not a

"moving target". It is a list of records identified in the government's own data hub Statement of Work

which fall squarely within Plaintiff's undisputed settlement language - "records setting forth

specifications for a subsidy calculator in the original RFP [however captioned] for Healthcare.gov".

3. Defendant's Opposition states, "Defendant has begun a search for the documents listed in

Appendix A." This is an admission that the data hub Statement of Work was not responsive to Plaintiff's

FOIA request and, further, that the documents listed in Appendix A are responsive to Plaintiff's

undisputed settlement language. The admission was repeated again on June 5th when counsel for

Defendant communicated to Plaintiff she would forward any documents received from the agency

responsive to Appendix A. Plaintiff has received no documents from Appendix A as of this writing.

4. Plaintiff invited the government to show the world that the original design of Healthcare.gov

included functionality for calculating subsidies. Instead, the government has chosen to misdirect and, by

opposing Plaintiff's Motion and proffering a drawn-out briefing schedule, run the clock. The government

could have made a different choice at any point after Plaintiff first filed his FOIA request on January 29,

2015.

5. The Court has a clear choice: it can either follow Defendant's suggestion for a briefing and

production schedule stretching beyond July 1st (after the Supreme Court's expected ruling in King v.

Burwell), or it can grant Plaintiff's Motion for an expedited hearing and clear all this up in a matter of

-3-

days, well before the Supreme Court rules.  The Defendant's Opposition did not dispute that the Court has

the authority to expedite the case in this fashion.  The case has been narrowed to Appendix A, the records

(which fall squarely within Plaintiff's undisputed settlement language) have been identified, and their

production would take minimal effort on the part of the government (no search is needed).  The

extraordinary news interest of the original design of Healthcare.gov at this time tips the scales in favor of

granting Plaintiff's Motion and expediting the case.

Respectfully submitted,

Chris Wright
4020 Washington Blvd. – Ste. 301
Arlington, VA  22201
cwdirect@verizon.net
703-351-6515

Plaintiff (pro se)

Dated: June 9, 2015

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of June 2015, I caused a true and correct copy of the

foregoing Plaintiff's Response to Defendant's Opposition to Plaintiff's Motion for Court Enforcement of

Settlement Agreement, for Summary Judgment, and for Expedited Hearing to be sent by first class United

States mail (with courtesy copy by electronic mail) to:

Elizabeth L. Kade
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, DC  20530
Elizabeth.L.Kade@usdoj.gov

*Counsel for Defendant*

By:  _____
Chris Wright
4020 Washington Blvd. – Ste. 301
Arlington, VA  22201
cwdirect@verizon.net
703-351-6515